UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLARENCE WASHINGTON, #111260     Case No. 08-12787

    Plaintiff,     District Judge John Corbett O'Meara

v.     Magistrate Judge R. Steven Whalen

CRAIG HUTCHINSON, *et al.*,

    Defendants.
_____/

### REPORT AND RECOMMENDATION

Before the Court is *Defendants Correctional Medical Services, Inc., Craig Hutchinson, M.D. and Sara Hope Heebsh, P.A.'s Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)* [Docket #22] filed October 17, 2008, which has been referred for a Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B).

For the reasons set forth below, I recommend the Defendants' motion be GRANTED, as follows:

1. That all claims against Defendant Hutchinson and Correctional Medical Services be dismissed WITHOUT PREJUDICE for Plaintiff's failure to exhaust his administrative remedies against these Defendants.

2. For identical reasons, that claims against Defendant Heebsh pertaining to Grievance Identifiers RRF-08-02-0133-12dl and LCF-7-06-0467-12dl be dismissed WITHOUT PREJUDICE.

3. That claims against Defendant Heebsh found in Grievance Identifier LCF-07-05-0311-12il (deliberate indifference based on failure to prescribe special tennis shoes) be dismissed WITH PREJUDICE.

### I. BACKGROUND FACTS

Plaintiff, a Michigan Department of Corrections ("MDOC") inmate currently housed at the Ryan Road Correctional Facility ("RRF"), filed a *pro se* complaint on June 30, 2008,

alleging violations of his Eighth and Fourteenth Amendment rights pursuant 42 U.S.C. §1983.  He alleges that from approximately April 26, 2007 to June 7, 2007, while incarcerated at the Lakeland Correctional Facility ("LCF"), Defendants Correctional Medical Services ("CMS"), Dr. Craig Hutchinson, Director of CMS, and Hope Sara Heebsh, employed at LCF as a physician's assistant, were deliberately indifferent to his medical needs.

The Complaint alleges that on April 26, 2007, Defendant Heebsh told Plaintiff that special footwear accommodations, formerly prescribed by other MDOC treating sources, "would no longer be honored by CMS[]," adding that if he wanted special shoes to accommodate his foot "deformity," he would be required to pay for them himself. *Complaint,* ¶¶26-27.  Plaintiff alleges that as a result, his foot pain became so unbearable that he was unable to sleep.  *Id.* at ¶28.

The Complaint also states that on June 7, 2007, Plaintiff submitted a health care kite after discovering the existence of testicular cysts, alleging that his "request for urgent and [emergency] medical attention went unheeded." *Id.* at ¶35.  The Complaint alleges further that Defendants ignored his treatment requests for leg swelling, hematuria, and testicular pain. *Id.* at ¶37.  Alleging that his condition has since "deteriorated drastically," Plaintiff seeks  monetary and injunctive relief.  *Id.* at pgs. 22-23.

## II.  STANDARD OF REVIEW

### A.    42 U.S.C. §1997e(a)

A dismissal for failure of a prisoner to exhaust administrative remedies under 42 U.S.C. §1997e(a) is a dismissal without prejudice. *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999).  In *Jones v. Bock,* 549 U.S. 199, 215, 127 S.Ct. 910, 921, 166 L.Ed.2d 798 (2007), the Supreme Court suggested, in dicta, that failure to exhaust might be a basis for

dismissal under Rule 12(b)(6).  However, in *Pointer v. Wilkinson*, 502 F.3d 369 (6th Cir. 2007), the Sixth Circuit found that a dismissal based on exhaustion may be distinct from a dismissal for failure to state a claim upon which relief may be granted.  *See also Snider v. Melindez,* 199 F.3d 108, 112 (2d Cir.1999) (concluding that failure to state a claim as used in § 1997e(c) and § 1915(g) does not include failure to exhaust administrative remedies).

Nevertheless, whether categorized as a 12(b)(6) motion or otherwise, the underlying question in this motion is whether the Defendants have carried their burden of showing that the Plaintiff failed to exhaust his administrative remedies.  If they have, then the unexhausted claims must be dismissed without prejudice.

Under the Prison Litigation Reform Act (PLRA) of 1996, specifically 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under § 1983...by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."   The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought.  *Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983, 984, 152 L.Ed.2d 12 (2002); *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819, 1825, 149 L.Ed.2d 958 (2001). Furthermore, "exhaustion" under the PLRA means "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 92, 126 S.Ct. 2378, 2387,165 L.Ed.2d 368 (2006). In *Woodford*, the Supreme Court defined "proper exhaustion" as requiring "compliance with an agency's deadlines and other critical procedural rules...." *Id.*, 548 U.S. at 90, 126 S.Ct. at 2385.   Thus, whether a claim is "properly exhausted" under the PLRA requires an examination of the particular institution's administrative rules and regulations regarding prisoner grievances.

However, "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock, supra*, 549 U.S. at 921, 127 S.Ct. at 216. Under *Jones*, it

-3-

is Defendant's burden to assert non-exhaustion as an affirmative defense. *Id.*; *Grinter v. Knight,* 532 F.3d 567 (6th Cir.2008). *Jones v. Bock* overruled a long line of Sixth Circuit cases that placed the burden of pleading and supporting exhaustion on plaintiffs.

### B. Fed R. Civ. P. 12(b)(6)

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." Rule 12(b) also provides that if, on consideration of a motion under paragraph (6), "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 (summary judgment)." In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

In two recent cases, the United States Supreme Court altered the standard for determining whether a complaint is subject to dismissal under Fed.R.Civ.P. 12(b)(6). In *Bell Atlantic Corp. V. Twombley*, 550 U.S 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Court, construing the requirements of Fed.R.Civ.P. 8(a)(2),[1] held that although a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true." *Id.*, 550 U.S. at 555, 127 S.Ct. at 1964-65 (internal citations and quotation marks omitted). Further, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (Internal citations and quotation marks

---

[1] Rule 8(a)(2) provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

omitted). *See also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio* 502 F.3d 545, 548 (6th Cir. 2007). Stated differently, a complaint must "state a claim to relief that is plausible on its face." *Twombley*, 570, 1974.

In *Ashcroft v. Iqbal*, _U.S._, 129 S.Ct. 1937,_L.Ed.2d_ (2009), the Court explained and expanded on what it termed the "two-pronged approach" of *Twombley*.[2]  First, it must be determined whether a complaint contains factual allegations, as opposed to legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, 129 S.Ct. at 1949, citing *Twombley*, 550 U.S. at 555, 127 S.Ct. at 1964-65. Second, the facts that are pled must show a "plausible" claim for relief, which the Court described as follows:

> "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown[n]"–'that the pleader is entitled to relief.'" 129 S.Ct. at 1950 (internal citations omitted).

### III. ANALYSIS

**A. Plaintiff's Grievances**

Defendants have provided a list of the three administrative grievances filed by Plaintiff within the 12-month period following the April through June, 2007 events. *Docket #22-5,* pg. 2 of 20.

#### 1. Grievance Identifier LCF-07-05-0311-12il

Plaintiff submitted his Step One complaint on April 27, 2007, alleging that Defendant Heebsh denied his request to renew a prescription for special tennis shoes originally ordered

---

[2] *Twombley* was an antitrust case. *Iqbal* was a prisoner civil rights case. In any event, it is clear that the *Iqbal* standard is applicable to all 12(b)(6) motions.

-5-

because of a foot condition.  *Id.,* pg. 19 of 20**.**  The grievance does not mention either CMS or Defendant Hutchinson.  *Id.*

### 2.  Grievance Identifier LCF-7-06-0467-12dl

Plaintiff submitted his Step One complaint on June 25, 2007. *Id.,* pg. 6 of 20.  He alleged that Defendant Parush[3] denied his request to be examined by a physician for his foot, back, and testicular conditions.  *Id.*  None of Defendants to the present motion were named. *Id.*

### 3. Grievance Identifier  RRF-08-02-0133-12dl

Likewise, Plaintiff's Step One complaint, filed February 22, 2008 does not name any of the present Defendants. *Id.,* pg. 14 of 20.  Plaintiff alleged that non-Defendant "Dr. Piper" denied treatment requests for his foot, chest, leg, and testicular conditions. *Id.*

### B.     CMS and Defendant Hutchinson

 Neither CMS nor Defendant Hutchinson was named at Step One of any of the above grievances.  "[E]xhaustion is not per se inadequate [under the PLRA] simply because an individual later sued was not named in the grievances." *Okoro v. Hemingway,* 481 F.3d 873, 874 (6th Cir.2007)(*citing Jones v. Bock, supra,* 549 U.S. at 215, 127 S.Ct. at 921, 923-25). However, if such a requirement is written into the prison's administrative procedures, compliance is mandatory if a defendant is to be considered exhausted. *Jones v. Bock, supra; Woodford v. Ngo, supra.*  Current MDOC policy states that the "[d]ates, times, places and names of all those involved in the issue being grieved are to be included" in the original grievance.  MDOC Policy Directive 03.02.130 ¶T (Effective December 19, 2003).

 Plaintiff failed to name Defendants CMS and Hutchinson at Step One of any of the

---

[3]Defendant Parush, a nurse, is not a party to this motion.

three grievances. As such, they are not properly exhausted and should be dismissed without prejudice. *Bock, supra,* 549 U.S. at 219-220, 127 S. Ct. 910-911. "A prisoner's failure to comply with the PLRA's exhaustion requirement deprives a district court of the ability to address the merits of his claims." *Johnson v. County of Wayne,* 2008 WL 4279359, *3 (E.D.Mich. 2008)(Steeh, J.)(*citing Jones v. Bock, supra,* 549 U.S. at 219-220, 127 S.Ct. at 918-19, 166 L.Ed.2d 798 (2007)); *see also Horn v. Bay County Sheriff's Dept.,* 2008 WL 3285808, *8 (E.D.Mich.,2008)("Where there is a failure to exhaust, the court will not reach the merits of the complaint; rather, the complaint will be dismissed without prejudice").

### C. Defendant Heebsh

As discussed in Section A., *supra,* Plaintiff failed to name Defendant Heebsh in either LCF-7-06-0467-12dl or RRF-08-02-0133-12dl. Claims against Defendant Heebsh regarding the complaints in these grievances (pertaining to Plaintiff's testicular, foot, chest, back, and leg conditions) should be dismissed without prejudice.

In contrast, Plaintiff did name Heebsh at Step One of Grievance Identifier LCF-07-05-0311-12il. Heebsh concedes that Plaintiff has exhausted his administrative remedies for the claim that on April 26, 2007, she refused to prescribe special tennis shoes for his foot condition. *Defendants' Brief* at 8. However, because this claim, pertaining exclusively to his alleged need for special shoes, does not arise to the level of a constitutional violation.

Under the Eighth Amendment, prison and jail officials may not act with deliberate indifference to the medical needs of their prisoners. *Estelle v. Gamble,* 429 U.S. 97, 103-104, 97 S.Ct. 285, 290-291, 50 L.Ed.2d 251 (1976). A deliberate indifference claim has two components, one objective and the other subjective. *Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 1977, 128 L.Ed.2d 811 (1994); *Comstock v. McCrary,* 273 F.3d 693, 702 (6th Cir. 2001). Under the objective component, "the plaintiff must allege that the medical need

at issue is 'sufficiently serious.'" *Id.* Under the subjective component, "the plaintiff must allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Id.*

Deliberate indifference to medical needs may be established by showing an interruption of a prescribed plan of treatment, or a delay in medical treatment. *Estelle v. Gamble, supra; Caldwell v. Moore*, 968 F.2d 595, 602 (6th Cir. 1992). However, "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860, n.5 (6th cir. 1976). *See also Sanderfer v. Nichols*, 62 F.3d 151, 154 (6th Cir. 1999)(*citing Estelle v. Gamble, supra*, 429 U.S. 105-106, 97 S.Ct. at 292 ("Deliberate indifference, however, does not include negligence in diagnosing a medical condition")).

Even assuming that Plaintiff has alleged that the need for corrective shoes was "sufficiently serious" for the purposes of an Eighth Amendment analysis, a review of Plaintiff's complaints at Steps One through Three of Grievance Identifier LCF-07-05-0311-12il, standing alone, defeat his claim that Heebsh was deliberately indifferent to his foot problems. While the Complaint alleges that Heebsh discontinued his previously prescribed footwear accommodations because such "care is too expensive," Plaintiff, referring to the April 26, 2007 examination by Heebsh at Step Two of his grievance, stated as follows:

> "Ms. Heebsh did examine[] my foot and [saw] the need of why I was ordered box toe tennis shoes. But in order to order them she had to call Ms. Nancy Lange who came in and just said to me and Ms. Heebsh ["][n]o [w]e do not order tennis shoes like that." *Docket #1,* pg. 27 of 50.

The Step Two complaint indicates further that Heebsh stated that the shoes formerly

prescribed by a medical source at Plaintiff's previous MDOC facility had been procured "in violation of [MDOC] policy." *Id.*   Plaintiff's own Step Two account of the examination, indicating that Heebsh acknowledged his foot problems, but informed him that footwear was to be obtained in compliance with MDOC policy,[4] stands at odds with his current claim that Heebsh refused to prescribe needed footwear simply because "it cost too much."

More compellingly, the Step One grievance staff response states that Heebsh "ordered the necessary footwear which the grievant felt was inappropriate," noting that Plaintiff's "desires were to receive the same accommodation he had been given in the past." *Id.,* pg. 28 of 50.  While Plaintiff presently alleges that he is entitled the same type of shoes formerly prescribed, he does not dispute that as a result of the April 26, 2007 examination, an order was placed for some type of special shoes.  The staff response to Plaintiff's Step Two complaint indicates that on June 11, 2007, MDOC approved the request for "appropriate state issue shoes but not special athletic shoes. The state issue shoes meet his medical necessity."  Even assuming for the sake of argument that Heebsh's examination and ordering of special shoes was objectively inadequate to meet Plaintiff's medical needs, he cannot show that the PA's actions rose to the level of deliberate indifference necessary to sustain this claim. *Sanderfer*, 62 F.3d at 154.

### IV.  CONCLUSION

For these reasons I recommend that Defendants' motion [docket #22] be GRANTED, as follows:

1.     That all claims against Defendant Hutchinson and Correctional Medical

---

[4] *See* MDOC PD 04.06.160 ("Medical Details and Special Accommodation Notices") ¶E.

>  Services be dismissed WITHOUT PREJUDICE for Plaintiff's failure to exhaust his administrative remedies against these Defendants.
>
> 2. For identical reasons, that claims against Defendant Heebsh pertaining to Grievance Identifiers RRF-08-02-0133-12dl and LCF-7-06-0467-12dl be dismissed WITHOUT PREJUDICE.
>
> 3. That claims against Defendant Heebsh found in Grievance Identifier LCF-07-05-0311-12il (deliberate indifference based on failure to prescribe special tennis shoes) be dismissed WITH PREJUDICE.

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the

objections.

                                                S/R. Steven Whalen
                                                R. STEVEN WHALEN
                                                UNITED STATES MAGISTRATE JUDGE

Dated: July 31, 2009

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on July 31, 2009.

                                                S/Andrea Teets
                                                Deputy Clerk