UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLARENCE WASHINGTON, #111260          Case No. 08-12787

                Plaintiff,          District Judge John Corbett O'Meara

v.          Magistrate Judge R. Steven Whalen

CRAIG HUTCHINSON, *et al.*,

                Defendants.

_____/

## REPORT AND RECOMMENDATION

Before the Court is *Defendants Pramstaller, Smith, Teed, and Lange's Motion for Summary Judgment* [Docket #30] filed December 12, 2008, which has been referred for a Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B). For the reasons set forth below, I recommend that Defendants' motion be GRANTED, and that all claims against present Defendants be dismissed WITHOUT PREJUDICE for Plaintiff's failure to exhaust his administrative remedies before filing suit.

## I.  BACKGROUND FACTS

Plaintiff, a Michigan Department of Corrections ("MDOC") inmate currently housed at the Ryan Road Correctional Facility ("RRF"), filed a *pro se* complaint on June 30, 2008, alleging violations of his Eighth and Fourteenth Amendment rights pursuant 42 U.S.C. §1983. He alleges that from approximately April 26, 2007 to June 7, 2007, while incarcerated at the Lakeland Correctional Facility ("LCF"), Defendants  Pramstaller, Smith, Teed, and Lange were deliberately indifferent to his serious medical needs.

-1-

According to the Complaint, on April 26, 2007, Defendant Heebsh[1] told Plaintiff that special footwear accommodations, formerly prescribed by other MDOC treating sources, "would no longer be honored by CMS[]," adding that if he wanted special shoes to accommodate his foot "deformity," he would be required to pay for them himself. *Complaint,* ¶¶26-27.  The Complaint alleges that as a result, his foot pain became so unbearable that Plaintiff was unable to sleep, adding that requests for treatment made on April 30 and May 2, 3, 4, 2007 were disregarded.  *Id.* at ¶¶28-29.  Plaintiff claims that as a result of the deliberate indifference of Defendants Nancy Lange (LCF's Health Unit Manager) Samuel Teed (Acting Associate Health Administrator for Region II of the Bureau of Health Care Services) George Pramstaller, M.D. (Director of the Bureau of Health Services for MDOC) Diane Smith (a nurse employed at LCF) and Sarah Hope Heebsh (a physician's assistant) his foot condition has since deteriorated. *Id.* at ¶¶31, 34.

The Complaint also states that on June 7 and 8, 2007, Plaintiff submitted a health care kite after discovering the existence of testicular cysts, alleging that his "request for urgent and [emergency] medical attention went unheeded." *Id.* at ¶¶35-36.  The Complaint alleges further that Defendants ignored his repeated treatment requests for leg swelling, hematuria, and testicular pain. *Id.* at ¶37.  Alleging that his condition has since "deteriorated drastically," Plaintiff seeks  monetary and injunctive relief.  *Id.* at pgs. 22-23.

## II.  STANDARD OF REVIEW

### 42 U.S.C. §1997e(a)

A dismissal for failure of a prisoner to exhaust administrative remedies under 42 U.S.C. §1997e(a) is a dismissal without prejudice. *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999).  In *Jones v. Bock,* 549 U.S. 199, 215, 127 S.Ct. 910, 921, 166 L.Ed.2d 798

[1]Defendant Heebsh is not a party to this motion.

(2007), the Supreme Court suggested, in dicta, that failure to exhaust might be a basis for dismissal under Rule 12(b)(6).  However, in *Pointer v. Wilkinson*, 502 F.3d 369 (6th Cir. 2007), the Sixth Circuit found that a dismissal based on exhaustion may be distinct from a dismissal for failure to state a claim upon which relief may be granted.  *See also Snider v. Melindez,* 199 F.3d 108, 112 (2d Cir.1999) (concluding that failure to state a claim as used in § 1997e(c) and § 1915(g) does not include failure to exhaust administrative remedies).

Nevertheless, whether categorized as a 12(b)(6) motion or otherwise, the underlying question in this motion is whether the Defendants have carried their burden of showing that the Plaintiff failed to exhaust his administrative remedies.  If they have, then the unexhausted claims must be dismissed without prejudice.

Under the Prison Litigation Reform Act (PLRA) of 1996, specifically 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under § 1983...by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."   The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought.  *Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983, 984, 152 L.Ed.2d 12 (2002); *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819, 1825, 149 L.Ed.2d 958 (2001). Furthermore, "exhaustion" under the PLRA means "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 92, 126 S.Ct. 2378, 2387,165 L.Ed.2d 368 (2006). In *Woodford*, the Supreme Court defined "proper exhaustion" as requiring "compliance with an agency's deadlines and other critical procedural rules...." *Id.*, 548 U.S. at 90, 126 S.Ct. at 2385.   Thus, whether a claim is "properly exhausted" under the PLRA requires an examination of the particular institution's administrative rules and regulations regarding prisoner grievances.

However, "inmates are not required to specially plead or demonstrate exhaustion in

their complaints." *Jones v. Bock, supra*, 549 U.S. at 921, 127 S.Ct. at 216. Under *Jones*, it is Defendant's burden to assert non-exhaustion as an affirmative defense. *Id.*; *Grinter v. Knight,* 532 F.3d 567 (6th Cir.2008)*. Jones v. Bock* overruled a long line of Sixth Circuit cases that placed the burden of pleading and supporting exhaustion on plaintiffs.

### III.  ANALYSIS

### Exhaustion

Defendants Pramstaller, Smith, Teed, and Lange contend that claims against them should be dismissed because Plaintiff failed to exhaust his administrative remedies before filing suit. *Defendants' Brief* at 2-4.  Citing Grievance Identifiers LCF-07-05-0311-12il and LCF-7-06-0467-12dl, filed by Plaintiff on April 27, and June 25, 2007 respectively, they note that his failure to name them at Step One of either one of the grievances places him in non-compliance with MDOC's exhaustion requirements.  *Id.* (*citing Woodford v. Ngo*, *supra*).

### 1.  Grievance Identifier LCF-07-05-0311-12il

Plaintiff submitted his Step One complaint on April 27, 2007, alleging that Defendant Heebsh denied his request to renew a prescription for special tennis shoes originally ordered because of a foot condition.  *Complaint*, *Docket #1,* pg. 25 of 50.  The original grievance, "Step One," does not mention any of  present Defendants.[2]  *Id.*

### 2.  Grievance Identifier LCF-7-06-0467-12dl

Plaintiff submitted his Step One complaint on June 25, 2007.  *Id.,* pg. 32 of 50.  He alleged that Defendant Parush[3] denied his request to be examined by a physician for his foot,

---

[2]While Plaintiff named Defendant Lange at Step *Two*,  MDOC Policy Directive 03.02.130 ¶T, requires "the names of all those involved in the issue being grieved are to be included" in the *original* grievance. *Complaint,* pg. 26 of 50.

[3]Defendant Parush, a nurse, is not a party to this motion.

back, and testicular conditions. *Id.* Again, none of Defendants to the present motion were named in the original grievance. *Id.*

Because the attachments to the Complaint itself establishes that none of present Defendants were named at Step One of either of these grievances, dismissal is appropriate. While "exhaustion is not per se inadequate [under the PLRA] simply because an individual later sued was not named in the grievances," *Okoro v. Hemingway,* 481 F.3d 873, 874 (6th Cir.2007)(*citing Jones v. Bock, supra,* 549 U.S. at 215, 127 S.Ct. at 921, 923-25), if such a requirement is written into the prison's administrative procedures, compliance is mandatory if a defendant is to be considered exhausted. *Jones v. Bock, supra; Woodford v. Ngo, supra.*

Current MDOC policy states that the "[d]ates, times, places and names of all those involved in the issue being grieved are to be included" in the original grievance. MDOC Policy Directive 03.02.130 ¶T (Effective December 19, 2003). As such, claims against these individuals are not properly exhausted and should be dismissed without prejudice. *Bock, supra,* 549 U.S. at 219-220, 127 S. Ct. 910-911. "A prisoner's failure to comply with the PLRA's exhaustion requirement deprives a district court of the ability to address the merits of his claims." *Johnson v. County of Wayne,* 2008 WL 4279359, *3 (E.D.Mich. 2008)(Steeh, J.)(*citing Jones v. Bock, supra,* 549 U.S. at 219-220, 127 S.Ct. at 918-19, 166 L.Ed.2d 798 (2007)); *see also Horn v. Bay County Sheriff's Dept.,* 2008 WL 3285808, *8 (E.D.Mich.,2008)("Where there is a failure to exhaust, the court will not reach the merits of the complaint; rather, the complaint will be dismissed without prejudice"). Accordingly, until such time that Plaintiff exhausts his administrative remedies, the Court declines to address the merits of his claims against these individuals.

## IV.  CONCLUSION

For these reasons I recommend that Defendants' motion [Docket #30] be GRANTED, and that all claims against present Defendants be dismissed WITHOUT PREJUDICE for Plaintiff's failure to exhaust his administrative remedies.

Any objections to this Report and Recommendation must be filed  within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir.  1991); *United States v. Walters,* 638 F.2d 947 (6th Cir.  1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir.  1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir.  1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

S/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated:  July 31, 2009

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on July 31, 2009.

S/Andrea Teets
Deputy Clerk