UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLARENCE WASHINGTON, #111260          Case No. 08-12787

               Plaintiff,          District Judge John Corbett O'Meara

v.          Magistrate Judge R. Steven Whalen

CRAIG HUTCHINSON, *et al.*,

               Defendants.

_____ /

## REPORT AND RECOMMENDATION

For the following reasons, I am recommending that the complaint in this case be *sua sponte* dismissed with prejudice as to the remaining Defendants, Leona M. Davis and J. Parush, pursuant to 28 U.S.C. §1915(e)(2)(B).

## I.   INTRODUCTION

On June 30, 2008, Plaintiff Clarence Washington, a prison inmate in the custody of the Michigan Department of Corrections ("MDOC") filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, alleging deliberate indifference to his medical needs in violation of the Eighth Amendment. The Plaintiff named nine Defendants, including employees of the MDOC and employees of Correctional Medical Services ("CMS"). On September 10, 2009, this Court dismissed seven of those Defendants.[1]  *See* Docket #47 and #48.

_____

[1] The claims against Defendants Correctional Medical Services ("CMS"), Hutchinson, Pramstaller, Smith, Teed, and Lange, and certain claims against Defendant Heebsh, were dismissed without prejudice, based on Plaintiff's failure to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). A deliberate indifference claim against Defendant Heebsh was dismissed with prejudice.

The two remaining Defendants, J. Parush and Leona M. Davis, both MDOC health unit employees at the time of the events in question, have not been served. Waivers of service sent by the United States Marshal were returned unexecuted. Ordinarily, the Court would require Plaintiff to show cause why these two Defendants should not be dismissed without prejudice for failure to effect service within the time set forth in Fed.R.Civ.P. 4(m). However, on July 30, 2008, Plaintiff was granted leave to proceed *in forma pauperis* ("IFP"). As an IFP filing, this complaint is subject to screening under 28 U.S.C. §1915(e)(2)(B), which provides that "the court *shall* dismiss the case at any time if the court determines that the action or appeal (i) is frivolous or malicious; or (ii) fails to state a claim on which relief may be granted." (Emphasis added). A case is frivolous if it lacks arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Whether a complaint fails to state a claim on which relief may be granted is determined with reference to the standards of Fed.R.Civ.P. 12(b)(6).

An examination of the complaint in this case shows that the Plaintiff has failed to state a plausible claim for relief as to Defendants Davis and Parush. Therefore, I recommend that the complaint against those Defendants be dismissed *sua sponte* under § 1915(e)(2)(B).

## II.    STANDARD OF REVIEW

In two recent cases, the United States Supreme Court altered the standard for determining whether a complaint is subject to dismissal under Fed.R.Civ.P. 12(b)(6) (failure to state a claim). In In *Bell Atlantic Corp. V. Twombley*, 550 U.S 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Court,  construing the requirements of Fed.R.Civ.P.

8(a)(2),[2] held that although a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true." *Id.*, 127 S.Ct. at 1964-65 (internal citations and quotation marks omitted). Further, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (Internal citations and quotation marks omitted). *See also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio* 502 F.3d 545, 548 (6th Cir. 2007). Stated differently, a complaint must "state a claim to relief that is plausible on its face." *Twombley*, at 1974.

In *Ashcroft v. Iqbal*, __U.S.__, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Court explained and expanded on what it termed the "two-pronged approach" of *Twombley*. First, it must be determined whether a complaint contains factual allegations, as opposed to legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, 129 S.Ct. At 1949, citing *Twombley*, 550 U.S. at 555. Second, the facts that are pled must show a "plausible" claim for relief, which the Court described as follows:

> "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown[n]'–'that the pleader is entitled to relief.'" 129 S.Ct. at 1950 (Internal citations omitted).

---

[2] Rule 8(a)(2) provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

## III.   DISCUSSION

The five counts in this complaint center on Plaintiff's allegations that his requests for medical treatment, principally regarding testicular lumps or cysts and his need for orthopedic shoes, went unanswered, in violation of the Eighth Amendment.[3]  In the description of the parties, Defendant Parush is claimed to be "a registered nurse employed at the Lakeland Correctional Facility."  *Complaint*, ¶ 14.  Defendant Davis is described as "the Health Unit Manager employed at the Lakeland Correctional Facility." *Id.*, ¶ 17. Neither Defendant Parush nor Defendant Davis is named within the body of each Count. However, in the "General Allegations" section, ¶ 37, Plaintiff makes the following allegations regarding Davis:

> "From June 11, 2007 unto June 27, 2007, Plaintiff submitted health care request to LCF/CMS health care providers including, but not limited to, HUM Lange and HUM Davis, complaining of hematuria (blood in urine), sever swelling in his legs, and his intolerable pain and suffering from the untreated malignant testicular growths.  Again, the defendants either completely disregarded plaintiff's untreated serious medical condition and/or failed to provide prompt treatment, despite knowing that plaintiff's condition could result in further significant injury or the unnecessary and wanton infliction of pain and suffering."

There are no other specific allegations against Defendant Davis or Defendant Parush within the Complaint itself, although attached to the Complaint as Exhibit B is Grievance Identifier LCF-2007-06-0467-12D-1, submitted to the institution on June 19, 2007, in which Plaintiff states, "RN J. Parush told me I could not be seen by a doctor. She said I was seen by an MP (medical practitioner) and that I can't specify to be seen by

---

[3] Count One alleges an Eighth Amendment violation based on the testicular lumps; Count Two alleges an Eighth Amendment violation based on failure to provide orthopedic shoes; Count Three alleges a Fourteenth Amendment violation (apparently substantive due process) based on inadequate treatment of the testicular lumps; Count Four alleges a state law claim of intention infliction of emotional distress; and Count Five, labeled "Irreparable Injury," appears to request injunctive relief.

-4-

a doctor.  She denied me access to a doctor."

Giving this *pro se* Complaint a liberal construction, it would appear that the claims against Davis and Parush are based on allegations of deliberate indifference to his medical needs, specifically evaluation and treatment of his testicular lumps.[4]

Under the Eighth Amendment, prison and jail officials may not act with deliberate indifference to the medical needs of their prisoners.  *Estelle v. Gamble,* 429 U.S. 97, 103-104, 97 S.Ct. 285, 290-291, 50 L.Ed.2d 251 (1976). A deliberate indifference claim has two components, one objective and the other subjective. *Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 1977, 128 L.Ed.2d 811 (1994); *Comstock v. McCrary,* 273 F.3d 693, 702 (6th Cir. 2001). Under the objective component, "the plaintiff must allege that the medical need at issue is 'sufficiently serious.'" *Id.* Under the subjective component, "the plaintiff must allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Id.*

Deliberate indifference to medical needs may be established by showing an interruption of a  prescribed plan of treatment, or a delay in medical treatment. *Estelle v. Gamble, supra; Caldwell v. Moore*, 968 F.2d 595, 602 (6th Cir. 1992).  However, "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860, n.5 (6th cir. 1976).  *See also Sanderfer v. Nichols*, 62 F.3d 151,

---

[4] Plaintiff's substantive due process claim in Count III is based on the same facts as his Eighth Amendment deliberate indifference claim. The claim should be analyzed under the specific Eighth Amendment right rather than the more amorphous substantive due process standard.  *Graham v. Connor,* 490 U.S. 386, 395, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989); *Thaddeus-X v. Blatter*, 175 F.3d 378 (6th Cir. 1999).

154 (6th Cir. 1999)(*citing Estelle v. Gamble, supra,* 429 U.S. 105-106, 97 S.Ct. at 292 ("Deliberate indifference, however, does not include negligence in diagnosing a medical condition")).

Again, there is no reference within the body of the Complaint to anything Defendant Parush did or did not do. Furthermore, even considering the Plaintiff's grievance (Exhibit B) as part of the Complaint, Plaintiff concedes that Parush told him that he was seen by a medical provider. Parush was therefore responsive to the Plaintiff's complaints, even though he was not satisfied with that response. Indeed, the Step I grievance response states:

> "All evaluations pertaining to the grievant medical concerns have been addressed. The Step I Grievance and medical records have been reviewed. The grievant has been evaluated per policy by a medical provider. shoosing a specific medical provider is not a[n] option offered residents at MDOC facilities. Access to health care has not been denied. A policy violation does not exist."

The Step II grievance response states:

> "Grievant transferred to LCF on 4/11/07. Grievant was seen by a Medical Practitioner (MP) on 4/26/07 for his Chronic Care Review.

> "A health care request was received on 6/8/07, requesting to see a doctor. The RN reviewed the health care request, and responded to the Grievant that additional information is necessary to triage his issue.

> "Grievant's identified medical needs have been addressed by the mid level provider. The grievant will be evaluated by nursing for the status of his lumps."

Thus, on the face of this Complaint and the attached grievance, Plaintiff was seen and evaluated by a mid-level medical practitioner, his status was reviewed by an RN (apparently Defendant Parush), and he was scheduled for further evaluation and triage. Under the *Twombley* and *Iqbal* formulation, he has not stated, beyond speculation, a plausible Eighth Amendment claim of deliberate indifference against Defendant Parush.

At most, he has stated dissatisfaction and disagreement with the nature and quality of the evaluations, which is not actionable as a constitutional claim. *Weslake v. Lucas, supra*. The facts in this Complaint "do not permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 129 S.Ct. at 1950.

Likewise, given that the Plaintiff was seen and evaluated by medical providers, there is no plausible Eighth Amendment claim against Defendant Davis, a Health Unit supervisor.[5]

Plaintiff's Count IV state law claim of intentional infliction of emotional distress is also completely implausible. To establish such claim, a plaintiff must show "(1) extreme and outrageous conduct, (2) intent or recklessness, (3) causation, and (4) severe emotional distress." *Graham v. Ford*, 237 Mich.App. 670, 674, 604 N.W.2d 713 (1999). *See also Roberts v. Auto-Owners Insurance Co.*, 422 Mich. 594, 374 N.W.2d 905 (1985). Liability under this theory requires that the conduct complained of "has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Graham*, 237 Mich.App. at 674. This is a demanding standard: It is not sufficient to show that the defendant acted tortiously, intentionally, or even criminally. *Id.* The test has been described as whether "the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'" *Roberts*, 422 Mich. at 603.

The fact that the Plaintiff was initially evaluated by a mid-level medical practitioner and an RN, rather than a doctor, does not rise to the level of outrageousness

---

[5] In any event, the bulk of Plaintiff's claims are directed at Defendants CMS and Dr. Hutchinson, who have been dismissed without prejudice.

required for this state law claim, and the claim should therefore be dismissed.

Finally, Plaintiff's Count V claim for injunctive relief should be dismissed.  First and foremost, as discussed above, he has not shown any likelihood that he could prevail on the merits of his claim, a prerequisite for injunctive relief.  *Gonzales v. National Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000).  Moreover, compelling specific medical treatment would put the Court in the untenable position of second-guessing and countermanding the MDOC's medical decisions. Departments of Corrections are accorded considerable latitude in the administration of state prisons.  In *Jones v. North Carolina Prisoners' Labor Union*, 433 U.S. 119, 227, 97 S.Ct. 2532, 53 L.Ed.2d 629 (1977), the Supreme Court discussed the balancing of constitutional rights afforded prisoners against the deference that prison officials must be given in the efficient management of prisons: "Because the realities of running a penal institution are complex and difficult, we have also recognized the wide-ranging deference to be accorded the decisions of prison administrators."  This Court is ill-equipped to unilaterally micro-manage prison administration, particularly as to medical decisions, especially where the Plaintiff has been evaluated by medical personnel.  *Bruce v. Ylst, supra*.

Under *Twombley* and *Iqbal*, Plaintiff has failed to state a claim on which relief can be granted against Defendants Davis and Parush.  Therefore, pursuant to 28 U.S.C. §1915(e)(2)(B), these last two remaining Defendants may be *sua sponte* dismissed, with prejudice.

## IV.   CONCLUSION

For these reasons, I recommend that the two remaining Defendants, J. Parush and Leona M. Davis, be *sua sponte* DISMISSED WITH PREJUDICE, pursuant to 28 U.S.C. §1915(e)(2)(B).

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir.  1991); *United States v. Walters,* 638 F.2d 947 (6th Cir.  1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir.  1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir.  1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen
UNITED STATES MAGISTRATE JUDGE

Dated:  September 25, 2009

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on September 25, 2009.

s/Susan Jefferson
Case Manager